UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM,

        Plaintiff

  v.                                                          C-1-06-822

RICHARD JONES, *et al.*,

        Defendants

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 25) and plaintiff's objections (doc. no. 28). In the Report and Recommendation which follows, the Magistrate Judge concluded that since plaintiff no longer resides at the Butler County Jail, his claims for injunctive relief and his Motion for Temporary Protective Order, which the Court construes as a Temporary Restraining Order, are moot and therefore recommended that plaintiff's motion be denied.

## **REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's "Motion for Temporary Protective Order and Motion for Emergency Temporary Injunction" and defendants' memorandum in opposition. (Docs. 15, 16).

2

Plaintiff, a former inmate at the Butler County Jail in Hamilton, Ohio, initiated this action with the filing of a pro se complaint pursuant to 42 U.S.C. § 1983 against defendants Richard Jones, the Butler County Sheriff, Lt. Deputy Warden Michael Craft of the Butler County Sheriff's Department, and the Butler County Commissioners.  Plaintiff's complaint challenges several conditions of his prior confinement at the Butler County Jail, including the prohibition on receiving publications from outside publishers, alleged "overcrowding" and double-celling of inmates at the jail, and the lack of outdoor recreational opportunities at the Jail.

In the present motion, plaintiff seeks injunctive relief ordering the Butler County, Ohio Sheriff to immediately cease "double- bunking" and to permit inmates to receive publications through the mail.  Plaintiff also requests that this Court "issue a Temporary Protective Order (T.P.O.) cautioning the named defendants in this lawsuit . . . from harming harassing or injuring the plaintiff during the pendency of this lawsuit."  (Doc. 15, p. 2).

To the extent plaintiff seeks injunctive relief, his claims are moot since he no longer resides at the Butler County Jail.  *Abdur-Rahman v. Mich. Dept. of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995).  As demonstrated by plaintiff's Notice of Change of Address filed on August 14, 2007 (Doc. 17), and the certified copy of Judgment of Conviction Entry appended to defendants' memorandum, (Doc. 16, Ex. 1), plaintiff is now in the custody of the Ohio Department of Rehabilitation and Correction, and is currently housed at the Ross Correction Camp in Chillicothe, Ohio.  "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.), *cert. denied*, 113 S.Ct. 2416 (1993), citing *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).  Accordingly, the Court is without jurisdiction to consider plaintiff's claims for injunctive relief.

3

As for plaintiff's motion for a Temporary Protective Order, the Federal Rules of Civil Procedure do not provide for the issuance of Temporary Protective Orders. Construing the plaintiff's motion as one seeking a temporary restraining order pursuant to Fed. R. Civ. P. 65(b), Plaintiff's motion fails to comport with the requirements of Rule 65. Plaintiff has not described any actual harassment, injury, or harm suffered, nor has he made any showing that he will suffer immediate and irreparable injury, loss or damage, in the absence of a temporary restraining order. *U.S. v. Bayshore Associates, Inc.,* 934 F.2d 1391, 1398 (6th Cir. 1991); *In Re King World Productions, Inc.*, 898 F.2d 56, 59 (6th Cir. 1990); *Project Vote! V. Ohio Bureau of Employment Services*, 578 F. Supp. 7, 9 (S.D. Ohio 1982) (Spiegel, J.). *See also Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991); *Newsom v. Norris*, 888 F.2d 371, 373 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985). Moreover, as plaintiff no longer resides at the Butler County Jail, his TRO claims are likewise moot for the reasons set forth above.

## **ORDER**

Plaintiff objects to the Judge's Report and Recommendation on the grounds that his findings are contrary to law.

4

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's objections have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. no. 25). Plaintiff's Motion for Temporary Protective Order (doc. no. 15) and Motion for Temporary Protective Order (doc. no. 16) are **DENIED**. This case is **RECOMMITTED** to the United States Magistrate Judge for further proceedings according to law.

**IT IS SO ORDERED.**

            s/Herman J. Weber
            Herman J. Weber, Senior Judge
            United States District Court