UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM  
PLAINTIFF

VS.

RICHARD JONES, ET AL.,  
DEFENDANTS

CASE NO. 1:06CV822  
(WEBER, J.)  
(HOGAN, M.J.)

## REPORT AND RECOMMENDATION

Plaintiff brought this prisoner civil rights suit against the Butler County Sheriff and various Butler County officials as a result of his incarceration in two of Butler County's jails, the Resolutions Jail and the Hanover Jail. Jail records show that Plaintiff was an inmate at the Resolutions Jail during the following periods:

> March 3, 2005 through April 7, 2005
>
> May 10, 2005 through May 25, 2005
>
> June 27, 2005 through September 25, 2005
>
> October 15, 2005 through December 15, 2005
>
> April 14, 2006 through September 19, 2006
>
> November 9, 2006 through December 24, 2006

Jail records show that Plaintiff was an inmate at the Hanover Jail during the following periods:

> June 1, 2005 through June 4, 2005
>
> October 7, 2005 through October 14, 2005
>
> December 15, 2005 through April 14, 2006
>
> October 25, 2006 through November 9, 2006
>
> December 24, 2006 through January 8, 2007
>
> February 15, 2007
>
> March 13, 2007 through March 14, 2007

March 23, 2007 through June 4, 2007

Plaintiff asserts that during his stays at Butler County's two jail facilities, he was prohibited from receiving newspapers, tabloids, magazines or publications through the mail and that this jail policy violated both the Commerce Clause as well as the First and Fourteenth Amendment. Plaintiff asserts that there is no law library and that the only law book available is a paper back version of the Ohio Revised Code.

Defendants admit that the jails have a "no publications" policy. Defendants defend the policy by pointing out that the average length of stay for the Resolutions Jail is approximately 30 days, while the average stay at the Hanover Jail is 11 days. Because of the relatively short average length of time that a typical prisoner would spend in either facility, Defendants believe that the time spent to screen, distribute and forward, return or dispose of publications would take an inordinate amount of time. Defendants further defend the policy by pointing out that paper materials such as publications and magazines can be used to plug toilets, start fires and interfere with air circulation and that the cost of disposal is an additional burden upon the public. Defendants further argue that the "no publications" policy is content neutral and that they provide both television and a book cart, containing reading materials, as alternatives to publications.

Prison regulations or policies are to be judged according to *Turner v. Safley*, 482, U.S. 78 (1987), which stands for the principle that a prison regulation is valid if reasonably related to a legitimate penological interest. The "reasonably related" test includes a consideration of several factors: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest involved, (2) whether there are alternative means of exercising that right and (3) the impact that accommodation of the asserted constitutional right will have on guards, other inmates and the allocation of prison resources. Judicial review is to be deferential to prison administrators who work in prisons daily and not be subject to the views of those who rarely, if ever, visit a prison environment.

We find the "no publications" policy to be content neutral and we also find that the Defendant Butler County officials have provided reasonable alternatives to providing publications. We find the "no publications" policy to be reasonably related to a legitimate penological interest in providing a safe, clean and efficiently run jail. Plaintiff's claim relative to the "no publications" policy cannot survive Summary Judgment. See *Jones v. North Carolina*

*Prisoner' Labor Union, Inc.*, 443 U.S. 119 (1977).

Plaintiff's second claim is that the conditions of overcrowding and double celling subjected him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The conditions to which Plaintiff asserts he was subjected include unsanitary conditions, excessive noise and limited fresh air, sunlight and exercise. The jail records show that of Plaintiff's 14 periods of incarceration during the period from March, 2005 to June, 2007, the longest stint was 158 days from April 14 to September 19, 2006.

*Rhodes v. Chapman*, 452 U.S. 337 (1981) is the seminal case on the subject of double celling. *Rhodes* stands for the proposition that a situation, such as that found at the Southern Ohio Correctional Facility, where two inmates shared 63 square foot cells, despite a recommendation that each inmate have 55 square feet and where the prison was 38% over capacity, did not constitute cruel and unusual punishment under the Eighth Amendment. In stark contrast, Plaintiff was confined in various dorms or pods in the two jail facilities during his regular and literally predictable stays as a guest of Butler County. The square footage per inmate varied from 102 square feet per inmate to 35 square feet per inmate, but Plaintiff's most extended confinement in a 35 square foot environment was a period of 11 days in the "D Block" at the Hanover facility in October-November, 2006. There are no felons serving long-term sentences in a county jail as there were at the Southern Ohio Correctional facility when the facts in *Rhodes* arose. The affidavits of Deputy Warden Craft and Warden Martin establish these facts.

Length of time as well as available space per inmate are factors which do not support Plaintiff's claim that an Eighth Amendment violation occurred. We find no violation of the Eighth Amendment's prohibition against cruel and unusual punishment resulting from Plaintiff's various confinements in Butler County jails during the 2005-2007 time frame. Although Plaintiff and former inmate Brian Comings submitted affidavits, both of which are attached to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, the affidavits are either conclusory or when facts are stated, specifics are not provided. In other words, Plaintiff states that "The noise level is excessively loud" so he is unable to fall asleep, concentrate, read or write, hear the television or conversations on the telephone, and that excessive noise levels led to inmate on inmate violence. Plaintiff states that the Butler County Jails fail to offer "adequate

fresh air and sunlight" and that "there is not adequate or sufficient square footage per inmate." Cummings affidavit states, among other things, that he was "deprived of adequate sun light, adequate fresh air and adequate exercise" and that "excessive noise levels occur at the Resolutions Jail." The point is that neither have any demonstrated expertise in the design or management of jails and their conclusions in the absence of specific facts do not create issues of fact sufficient to overcome a Motion for Summary Judgment, based on specific facts and conclusions supplied by experts.

On the other hand, the affidavit of Warden Martin has established that Resolutions Jail, as the name implies, is a minimum security jail built on a dormitory model, where inmates are permitted outdoor recreation for 1 hour, 5 days per week and are not confined to cells, but may attend classes and participate in work details. It is obvious from jail records that Plaintiff spent the bulk of his time at the Resolutions facility. Although not specifically stated, we infer that the Hanover facility is more of a traditional jail with cells, rather than dorms. Although Plaintiff spent minimal time at the Hanover facility, Deputy Warden Craft's affidavit states that the facility was never over capacity during any of Plaintiff's numerous stays and that inmates at Hanover are provided with exercise time indoors, but in an area with a window, which opens to permit outside air and sunlight. Both jail facilities have reading material, television and table games. Exhibit A establishes that jail rules not only permit, but mandate a daily hot shower and that hygiene items are provided as part of the booking process.

In summary, Plaintiff has failed to raise facts sufficient for the Court to conclude that spending relatively short periods of time in either or both of the facilities in question under the conditions then existing results in experiencing less than" the minimal civilized measure of life's necessities." See *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985). Unlike a felon serving a lengthy sentence in an environment he cannot control, the sheer number of Plaintiff's separate and discrete offenses, resulting in repeated incarcerations in Butler County jails, support the inference that conditions could not be inhumane; otherwise why would Plaintiff repeatedly commit acts which predictably would land him in Butler County jails?

Defendants assert that an additional reason why they should be granted summary judgment is that Plaintiff has not demonstrated that he has been injured as a result of any act or failure to act of Defendants. In Paragraph 67 of his affidavit, Plaintiff alleges that "he suffered

serious physical injuries at the Butler County Resolutions Jail, that resulted from the over crowding conditions, coupled with inadequate classification procedures, by allowing a mentally-ill person to be placed at the Butler County Resolutions Jail." In subsequent paragraphs, Plaintiff alleges that he "suffered extreme mental anguish and emotional trauma" resulting from being assaulted, from being placed in administrative segregation, for being required to double cell with a suicidal inmate and as a result of the "no publications" policy. Plaintiff has, as defendants argue, presented no proof that he was ever injured and no expert opinion that he suffered any emotional injury, or if he had, that there was any causal relationship between the emotional injury and conditions at either of the two Butler County jails, where Plaintiff has been a frequent resident, notwithstanding Section 803(d) of the Prison Litigation Reform Act, which precludes a claim of emotional injury suffered while incarcerated. Former inmate Cummings fails to support Plaintiff's claim that he suffered any injury, serious or otherwise.

    Summary Judgment should be rendered in favor of Defendants and this case dismissed from the docket of the Court.

September 30, 2008

_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**TED MARCUM**
    **PLAINTIFF**

**VS.**

**RICHARD JONES, ET AL.,**
    **DEFENDANTS**

**CASE NO. 1:06CV822**
**(WEBER, J.)**
**(HOGAN, M.J.)**

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/30/08. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| | |
|---|---|
| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ted Marcum #549-841<br>Ross Correctional Camp<br>P.O. Box 7010<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 0710 0000 8134 9182 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-02-M-1540 |

1:06cv822 Doc. 66