# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TED MARCUM,

    Plaintiff,

    v.                                    Case No. C-1-06-822

RICHARD JONES, et al.,

    Defendants.

## ORDER

This matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. 66), plaintiff's objections (doc. 72) and the response of defendants Butler County Sheriff Richard Jones, Deputy Warden Michael Craft, and Butler County Commissioners Michael A. Fox, Gregory Jolivette and Charles Furmon (doc. 75). The Magistrate Judge concluded that plaintiff's claims of constitutional violations arising during his incarceration at two Butler County, Ohio prisons could not withstand summary judgment and therefore recommended that the claims be dismissed. Plaintiff objects to the Magistrate Judge's Report and Recommendation on the ground that his findings are contrary to law.

## I. Background

### A. Plaintiff's Claims

Plaintiff brought this civil rights action against the Butler County Sheriff and various Butler County officials seeking monetary damages and declaratory and injunctive relief for numerous civil rights violations which allegedly occurred during his fourteen periods of incarceration at two Butler County jails - the Resolutions Jail ("Resolutions") and the Hanover

1

Street Jail ("Hanover"). These periods of incarceration at any one facility lasted anywhere from 1 to 158 days, although plaintiff shuttled between the two facilities for a continuous stretch of nearly one year from October 2005 to September 2006.

For his first claim, plaintiff alleges that the jails' "no publications policy," which prohibits inmates from receiving any publications, magazines, tabloids and newspapers through the mail while incarcerated at the jails, violated his First and Fourteenth Amendment rights under the United States Constitution as well as the Commerce Clause. As additional support for this claim, plaintiff alleges that there is no law library and the only law book available is a paperback version of the Ohio Revised Code. Plaintiff's second claim is that defendants violated his Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment by exposing him to conditions of overcrowding, double celling, and excessive noise along with unsanitary conditions and inadequate sun light, fresh air and exercise opportunities. In support of his claims, plaintiff has submitted two personal affidavits and two affidavits completed by a former inmate at the jails, Brian Cummings.

**B. Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge determined that the jails' "no publications policy" is content-neutral; it is reasonably related to a legitimate penological interest in providing a safe, clean and efficiently-run jail; and Butler County officials have provided reasonable alternatives to providing publications, those being a book cart containing reading materials and television. Therefore, the Magistrate Judge found the policy cannot survive summary judgment. Regarding plaintiff's Eighth Amendment claim, the Magistrate Judge relied on the affidavits of Deputy Warden Craft and Warden Martin to find that the square

footage in the facilities where plaintiff was confined ranged from 35 square feet to 102 square feet per inmate, the longest period of time plaintiff spent confined in a 35-square foot area was 11 days, and there are no felons serving long-term sentences in these facilities; Resolutions, where plaintiff spent the bulk of his periods of incarceration, is a dormitory-style minimum security jail where inmates are permitted outdoor recreation five days a week for one hour, inmates are not confined to cells, and inmates may attend classes and participate in work details; at Hanover, where plaintiff spent minimal time, inmates are provided with indoor exercise time in an area with a window which opens to permit outside air and sunlight; and at both facilities, reading material, televison, and table games are available, jail rules mandate a daily hot shower, and hygiene items are provided as part of the booking process. The Magistrate Judge determined that plaintiff and Cummings' affidavits offered in support of the Eighth Amendment claim are either conclusory or, when facts are stated, specifics are not provided. Accordingly, the Magistrate Judge determined that plaintiff had failed to present facts sufficient for the court to conclude that "spending relatively short periods of time in either or both of the facilities in question under the conditions then existing results in experiencing less than 'the minimal civilized measure of life's necessities.' *See Walker v. Mintzes,* 771 F.2d 920 (6th Cir. 1985)."

Finally, as an additional basis for granting summary judgment in favor of defendants, the Magistrate Judge found that plaintiff has not demonstrated that he has been injured as a result of any act or omission of defendants.

Plaintiff has filed ninety-four pages of objections to the Magistrate Judge's Report and Recommendation. In essence, plaintiff presents the following basic arguments as to why summary judgment is inappropriate: First, plaintiff objects to certain facts stated by defendants

in their affidavits, arguing that defendants have not demonstrated or explained how they were able to calculate the square footage inmates have or the average length of stay of an inmate and disputing defendants' allegations regarding the amount of outdoor exercise time offered at Resolutions. Plaintiff further argues that defendants have failed to submit documents to demonstrate that conditions at the jail satisfy constitutional standards. Plaintiff also generally alleges that defendants have not provided him with requested discovery.

Second, plaintiff objects to the Magistrate Judge's legal conclusions that he was not denied his constitutional rights based on the brevity of his stays at the jails.

Third, plaintiff contends that the Magistrate Judge relied too heavily on expert evidence and penalized him for failing to provide expert testimony in support of his claims, despite having denied plaintiff's prior request for experts as unnecessary, and the Magistrate Judge imposed a heightened standard of proof on him.

Finally, plaintiff claims that he did suffer injury as a result of defendant's alleged unconstitutional acts and omissions because he was assaulted at Resolutions due to the overcrowded conditions.

## II. Opinion

As an initial matter, although plaintiff is not currently incarcerated at Resolutions or Hanover, his claims may be considered. Because of the typically short periods of confinement at the two facilities, the Court finds that the issues presented are "capable of repetition, yet evading review." ***See Davis v. Fed'l Election Com'n,*** __ U.S. __, 128 S.Ct. 2759, 2769 (2008) (citations omitted).

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's objections regarding his Eighth Amendment claim have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and has properly applied them to the facts of the case. The Court agrees with the Magistrate Judge that plaintiff has failed to show that he was deprived of "the minimal civilized measure of life's necessities" and he has likewise failed to produce evidence to show that he sustained an injury as a result of the acts or omissions of any defendant. Accordingly, the Court agrees with the Magistrate Judge that defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.

Plaintiff's First Amendment claim based on the jails' "no publications policy" requires closer examination. It is well settled that a "prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." **Pell v. Procunier**, 417 U.S. 817, 822 (1974). These rights include the right to receive mail subject to legitimate penological interests. **Sheets v. Moore**, 97 F.3d 164, 166 (6th Cir. 1996) (citations omitted). "[R]egulations affecting the sending of a 'publication' . . . to a prisoner must be analyzed under the **Turner [v. Safley**, 482 U.S. 78 (1987)] reasonableness standard" to determine whether they are reasonably related to legitimate penological interests. **Moore**, 97 F.3d at 166 (citing **Thornburgh v. Abbott**, 490 U.S. 401, 413 (1989)). The factors to be applied in determining whether the reasonableness standard is met are: whether the governmental objective underlying the regulation is legitimate and neutral and whether the regulation is rationally related to that objective; whether inmates have alternative

5

means of exercising the right; and the impact that accommodation of the asserted right will have on inmates and guards in the prison. *Abbott*, 490 U.S. at 414-418. With regard to publications in the prison context, "neutrality" means "the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression." *Id*. at 415 (citing *Procunier v. Martinez,* 416 U.S. 396, 413 (1974)). Legitimate penological interests include security, order, and rehabilitation. *Martinez*, 416 U.S. at 413.

The Court must accord prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The protection of internal prison security is "central to all other corrections goals." *Pell*, 417 U.S. at 823. Judgments regarding prison security "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at 827.

In this case, defendants have not produced sufficient evidence in support of their motion for summary judgment to show that the total ban on publications, magazines, tabloids and newspapers received through the mail at the Hanover and Resolutions facilities is reasonably related to legitimate penological objectives. While the regulation is content-neutral, defendants have offered only broad, conclusory statements in support of their position that the ban promotes the safety or orderly administration of the jails. Defendants state that allowing outside publications, magazines, tabloids and newspapers would use valuable jail resources because each item would have to be screened and distributed, and if the recipient was no longer at the jail, the

6

item would have to be forwarded, returned or destroyed. Defendants offer no evidence, however, that jail resources are strained to the point that requiring jail personnel to perform these tasks would interfere with the orderly administration of the jails or compromise jail security. Nor is there any indication in the record as to the amount of time jail personnel would have to devote to these tasks. It appears unlikely a significant amount of resources would have to be dedicated to screening, distributing, and/or disposing of publications, magazines, tabloids and newspapers since the number of inmates at the facilities who would subscribe to outside publications if allowed is likely to be small given the brief average stays. Finally, defendants point to no case in which preserving jail resources by eliminating the time required to screen, distribute and dispose of publications has ever been upheld as a legitimate penological objective in and of itself. If it were, a total ban on outside publications would withstand First Amendment scrutiny in any prison context.

Defendants also have offered nothing more than a conclusory statement to support their claim that outside publications, magazines, tabloids and newspapers pose a physical danger, alleging that "publications and subscriptions pose a potential fire risk and also can be used to damage or impair plumbing and ventilating fixtures." Defendants have provided no evidence that this has ever been an issue at either one of the two facilities and particularly at Resolutions, a minimum security prison where the inmates are not confined to cells. Furthermore, it is not clear from the evidence defendants have submitted how a ban solely on outside publications, magazines, tabloids and newspapers furthers the interest in preventing fires and damage to plumbing and ventilating fixtures given that inmates have access to paperback books and other paper products which presumably they could use for starting fires and inflicting such damage.

In addition, defendants have not demonstrated that inmates have a suitable alternative means of exercising their First Amendment right. Defendants have not shown that outside publications, newspapers, tabloids and magazines are available to inmates by an alternative means. Instead, it appears that the only reading materials available to inmates are paperback novels which are stacked on a prison book cart. *See* doc. 37, exh. H.

As for the impact that accommodation of the asserted right would have on inmates and guards in the prison, defendants have not come forward with evidence in support of their summary judgment motion to show that if outside publications, magazines, tabloids and newspapers were permitted, the prisons' resources would be stretched to the point where the safety or well-being of others in the prisons would be compromised. To the contrary, based on the limited evidence before the Court and for the reasons explained above, a total ban appears to be an exaggerated response to potential problems that could arise if the "no publications policy" were altered.

### III.  Conclusion

For all of the above reasons, the Court hereby **ADOPTS** the Report and Recommendation insofar as the United States Magistrate Judge recommended that defendants' motion for summary judgment (doc. 36) be granted on plaintiff's Eighth Amendment claim.  The Court **REJECTS** the Report and Recommendation insofar as the Magistrate Judge recommended that defendants' motion for summary judgment be granted on plaintiff's First Amendment claim.  Defendants' motion for summary judgment is **GRANTED** as to plaintiff's Eighth and Fourteenth Amendments claim based on alleged overcrowding and double celling.  The motion is **DENIED** as to plaintiff's First Amendment claim based on the "no publications policy" prohibiting the receipt of publications, magazines, tabloids and newspapers through the mail at the Resolutions and Hanover facilities. This case is **RECOMMITTED** to the Magistrate Judge for further proceedings on the First Amendment claim.

**IT IS SO ORDERED**.

.
S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT